UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| AMY KUNTZ, | ) Federal Case No.: 1:26-cv-14335 |
| | ) State Case No. 26-3810-CD |
| Plaintiff, | ) HONORABLE |
| v | ) |
| BAY ARENAC INTERMEDIATE SCHOOL DISTRICT, | ) |
| Defendant. | ) |

VICTOR J. MASTROMARCO, JR. (P 34564)
KEVIN J. KELLY (P 74546)
Attorneys for Plaintiff
1024 North Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
vmastromarco@mastromarcofirm.com
kkelly@mastromarcofirm.com

GREGORY W. MAIR (P 67465)
Attorney for Defendant
300 St. Andrews Road, Suite 302
Saginaw, Michigan 48638
(989)790-0960
gmair@owdpc.com

## NOTICE OF REMOVAL

NOW COMES Defendant, BAY ARENAC INTERMEDIATE SCHOOL DISTRICT, by and through its Attorney, GREGORY W. MAIR, and file its Notice of Removal from the Bay County Circuit Court in the County of Bay, State of

Michigan to the United States District Court for the Eastern District Michigan, Northern Division, pursuant to 28 U.S.C. § 1441 stating as follows:

1. This matter is hereby removed pursuant to 28 U.S.C. § 1441.

2. Plaintiff commenced the above-entitled action in the Bay County Circuit Court for the County of Bay, State of Michigan and said case is now pending under Case No. 26-3810-CD. A copy of the Plaintiff's Summons and Complaint is attached hereto as *Exhibit 1*.

3. That this is a civil action alleging damages in relation to her termination from employment alleging violation of (1) Count I – Age Discrimination in Violation of the Elliott-Larsen Civil Rights Act; and (2) Count II – Interference and Retaliation in Violation of The Family & Medical Leave Act. *See Exhibit 1*.

4. That on or about November 12, 2026, Plaintiff served upon Defendant the Summons and Complaint filed in the Bay County Circuit Court for the County of Bay City, State of Michigan. Receipt of the Summons and Complaint would have been Defendant's first notice of the existence of pleadings containing a claim for relief that would give rise to the subject matter jurisdiction with this Court.

5. That this Notice of Removal is timely filed under 28 U.S.C. § 1446 as it has been filed within thirty (30) days after service of copies of the Plaintiff's Complaint and the State Court proceedings.

6. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1441 because the claims deal with Federal questions and the subject of the Plaintiff's Complaint represents subject matter jurisdiction although there is, upon information and belief, non-diversity of citizenship between the parties.

7. That the United States District Court for the Eastern District of Michigan, Northern Division is the Federal district embracing the Bay County Circuit Court for the County of Bay, State of Michigan where the suit is pending and, therefore, removal to this Court is proper pursuant to 28 U.S.C. § 1441.

8. Upon the filing of this Notice of Removal, the Defendant will promptly serve a copy of this document together with a Notice of Removal of Case to Federal Court on all adverse parties pursuant to 28 U.S.C. § 1446. Said Notices will also be filed with the Clerk of the Court for the Bay County Circuit Court for the County of Bay, State of Michigan.

9. When filing this Notice, Defendant does not waive any defenses which may be available to it including, but not limited to, the absence of personal jurisdiction over the Defendant or improper venue in this Court from which this action has been moved.

WHEREFORE, Defendant, BAY ARENAC INTERMEDIATE SCHOOL DISTRICT, prays that the above entitled action be removed from the Bay County

Circuit Court for the County of Bay, State of Michigan and into the United States District Court for the Eastern District of Michigan, Northern Division.

Respectfully Submitted,

Dated: November 16, 2026

/s/ Gregory W. Mair
GREGORY W. MAIR (P67465)
Attorney for Defendant
300 St. Andrews Road, Suite 302
Saginaw, MI 48638
(989) 790-0960
gmair@owdpc.com

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing paper with the Clerk of the Court using the ECF system and will send confirmation via regular mail of such filing to all counsel of record.

Respectfully submitted,

Dated: November 16, 2026

/s/ Gregory W. Mair

GREGORY W. MAIR (P67465)
Attorney for Defendant
300 St. Andrews Road, Suite 302
Saginaw, Michigan 48638
(989) 790-0960
gmair@owdpc.com

Approved, SCAO

Original - Court
1st copy - Defendant

2nd copy - Plaintiff
3rd copy - Return

| STATE OF MICHIGAN<br>18th JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY | SUMMONS | CASE NUMBER<br>26- 3810 -CD<br>JOSEPH K [illegible]<br>P# [illegible] |
|---|---|---|

**Court address**
1230 Washington Avenue, Bay City, MI 48708

**Court telephone number**
(989) 895-4265

| Plaintiff's name, address, and telephone number | | Defendant's name, address, and telephone number |
|---|---|---|
| Amy Kuntz | v | Bay-Arenac Intermediate School District<br><br>Resident Agent:<br>Shelly DuCharme, Superintendent<br><br>Bay-Arenac Intermediate School District<br>4228 Two Mile Road Bay City, MI 48706 |
| **Plaintiff's attorney bar number, address, and telephone number**<br>The Mastromarco Firm<br>Victor J. Mastromarco Jr. (P34564)<br>1024 N. Michigan Ave<br>Saginaw, MI 48602 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ ______________________ Court, where it was given case number ______________ and assigned to Judge ______________.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.

**SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside of Michigan).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| OCT 27 2026 | JAN 26 2027 | [signature] |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.



EXHIBIT
1

Summons (3/23)

**Case Number** 26- -CD

## PROOF OF SERVICE

**TO PROCESS SERVER**: You must serve the summons and complaint and file proof of service with the court clerk before the expiration date on the summons. If you are unable to complete service, you must return this original and all copies to the court clerk.

## CERTIFICATE OF SERVICE / NONSERVICE

☐ I served ☐ personally ☐ by registered or certified mail, return receipt requested, and delivery restricted to the the addressee (copy of return receipt attached) a copy of the summons and the complaint, together with the attachments listed below, on:

☐ I have attempted to serve a copy of the summons and complaint, together with the attachments listed below, and have been unable to complete service on:

| Name | Date and time of service |
|---|---|
| Place or address of service | |
| Attachments (if any) | |

☐ I am a sheriff, deputy sheriff, bailiff, appointed court officer or attorney for a party.

☐ I am a legally competent adult who is not a party or an officer of a corporate party. I declare under the penalties of perjury that this certificate of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee<br>$ | Miles traveled | Fee<br>$ | |
|---|---|---|---|
| Incorrect address fee<br>$ | Miles traveled | Fee<br>$ | TOTAL FEE<br>$ |

Signature

Name (type or print)

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of a copy of the summons and complaint, together with

____________________ on ____________________.
Attachments (if any) Date and time

____________________ on behalf of ____________________
Signature

____________________
Name (type or print)

MCL 600.1910, MCR 2.104, MCR 2.105

M26-419

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF BAY

AMY KUNTZ

Plaintiff,

vs.

Case No. 26- 3810 -CD
Hon. JOSEPH K. SHEERAN
P# 285??

BAY- ARENAC INTERMEDIATE SCHOOL DISTRICT,

Defendant.

THE MASTROMARCO FIRM
VICTOR J. MASTROMARCO, JR. (P34564)
KEVIN J. KELLY (P74546)
VICTOR J. MASTROMARCO III (P86871)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
vmastromarco@mastromarcofirm.com
kkelly@mastromarcofirm.com
tmastromarco@mastromarcofirm.com

STATE OF MICHIGAN
COUNTY OF BAY
ATTESTED
A TRUE COPY
KATHLEEN B. ZANOTTI
CLERK OF CIRCUIT COURT
By ________ Deputy

## PLAINTIFFS COMPLAINT AND DEMAND FOR TRIAL BY JURY

NOW COMES the Plaintiff AMY KUNTZ, by and through her attorneys THE MASTROMARCO FIRM and hereby complains against BAY-ARENAC INTERMEDIATE SCHOOL DISTRICT (herein after BAISD), stating more fully as follows:

## COMMON ALLEGATIONS

1. That at all times material hereto Plaintiff is a member of a protected class because of her age.

2. That the Plaintiff is a resident of the county of Bay, State of Michigan, and is otherwise domiciled in the state of Michigan.

3. That Defendant BAISD, a public corporation, is a school district operating in the counties of Bay and Arenac, State of Michigan, and is otherwise domiciled in the state of Michigan.

4. That Plaintiff began working for Defendant in 1984.

5. That at all times material hereto, Plaintiff held the position of Supervisor of Printing and Graphics, an administrative role.

6. That Plaintiff is approximately 60 years of age.

7. That in May of 2026, Plaintiff accessed Skyward servers and noticed an issue with rollover leave days.

8. That Plaintiff checked the amount of leave days for several employees in an attempt to diagnose the issue.

9. That Skyward had no restrictions for authorized users to access this data.

10. That Plaintiff was at all times authorized to access this data.

11. That upon information and belief, Plaintiff believed that other authorized users have and had accessed the same data without penalty.

12. That on May 1st, 2026, Nicki Napiaitilio informed Plaintiff she was becoming Plaintiff's supervisor.

13. That on or about, May 1, 2026, Plaintiff requested Family and Medical Leave Act ("FMLA") paperwork and on May 28th, 2026, Plaintiff submitted said paperwork to Defendant requesting intermittent FMLA leave due to her trigeminal neuralgia.

14. That later that day, Plaintiff was called into Nicki's office for what turned out to be a "fact-finding" meeting for purposes of an investigation into Plaintiff where she was accused of "unethical conduct."

15. That later that day, Plaintiff found herself locked out of all Skyward access.

16. That on May 29th, Plaintiff was placed on administrative leave indefinity following a meeting with Shelly DuCharme, Nicki Napiaitilio, Eric Allhouse, and the Human Resources department.

17. That on August 3rd, 2026, Plaintiff was terminated following a board meeting.

18. That Plaintiff claims she has been frequently subjected to comments about retirement.

19. That administrators would routinely ask Plaintiff when she will retire and expressed hope that she would retire.

20. That the aforementioned conduct evidences the Defendant's discriminatory animus.

21. That at all times material hereto, Plaintiff was and is qualified for the position she held.

22. That any reason proffered by Defendant for terminating Plaintiff is either not based in fact or did not actually motivate the decision.

23. That any reason proffered by Defendant for terminating Plaintiff is pretextual in nature.

24. That Defendant failed to provide Plaintiff with a legitimate, non-discriminatory reason for her termination.

25. That Defendant failed to provide Plaintiff with a legitimate, non-retaliatory reason for her termination.

26. That Defendant's actions do constitute age discrimination in violation of the Elliot-Larsen Civil Rights Act.

27. That Defendant's actions constitute retaliation in violation of the Family and Medical Leave Act.

28. That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer economic damages, including, but not limited to, lost wages, back pay, front pay, raises, bonuses, promotions, health, dental, vision, and/or life insurance benefits, short and/or long term disability benefits, pension and/or retirement benefits, and any and all other compensation and fringe benefits lost to Plaintiff along with an additional sum to offset any negative tax consequences of any recovery for the same.

29. That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer non-economic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, embarrassment, humiliation, nervousness, anxiety, depression, disruption of lifestyle, and denial of social pleasures.

30. That Plaintiff hereby claims the costs of this litigation, including reasonable attorney fees and witness fees, pursuant to MCL 37.2801(3) and MCL 37.2802.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor in an amount in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

## COUNT I – AGE DISCRIMINATION IN VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT

31. That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 30 of her Common Allegations, word for word and paragraph for paragraph, as if fully restated herein.

32. That the Elliott-Larsen Civil Rights Act makes it unlawful for an employer to discharge or otherwise discriminate against an individual with respect to employment,

compensation, or a term, condition, or privilege of employment, because of age. MCL 37.2202(1)(a).

33. That at all times material hereto, Defendant constituted an "employer" as the term is defined by the Act. MCL 37.2201(1).

34. That Plaintiff was and is a member of a protected class by virtue of her age, sixty (60) years old.

35. That at all times material hereto, Plaintiff was engaged in authorized and/or protected activity.

36. That Defendant took an adverse employment action against Plaintiff by discharging Plaintiff from her position as Supervisor of Printing and Graphics.

37. That Plaintiff suffered said adverse employment action under circumstances that give rise to an inference of age discrimination.

38. That under information and belief, Defendant planned to replace Plaintiff with somebody less qualified, experienced, and substantially younger.

39. That any reasons proffered by Defendant for its discharge of Plaintiff are pretextual in nature.

40. That any reasons proffered by Defendant for its discharge of Plaintiff are either not based in fact and/or did not actually motivate the decision.

41. That Defendant's actions constitute age discrimination in violation of the Elliott-Larsen Civil Rights Act.

42. That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer economic damages, including, but not limited to, lost wages, back pay, front pay, raises, bonuses, promotions, health, dental, vision, and/or life insurance

benefits, short and/or long term disability benefits, pension and/or retirement benefits, and any and all other compensation and fringe benefits lost to Plaintiff along with an additional sum to offset any negative tax consequences of any recovery for the same.

43. That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer from severe non-economic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, humiliation, embarrassment, nervousness, anxiety, depression, disruption of lifestyle, and denial of social pleasures.

44. That Plaintiff hereby claims the costs of this litigation, including reasonable attorney fees and witness fees, pursuant to MCL 37.2801(3) and MCL 37.2802.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor in an amount in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

## COUNT II – INTERFERENCE AND RETALIATION IN VIOLATION OF THE FAMILY & MEDICAL LEAVE ACT

45. That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 30 of her Common Allegations, and paragraphs 31 through 44 of Count 1, word for word and paragraph for paragraph, as if fully restated herein.

46. That Congress enacted the Family and Medical Leave Act, finding that "there is inadequate job security for employees who have serious health conditions that prevent them from working for temporary periods." 29 U.S.C. § 2601(a)(4).

47. That to that end, the Act makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right" provided under the Act. 29 U.S.C. § 2615(a)(1).

48. That the prohibition against interference further proscribes an employer from discriminating or retaliating against an employer for having exercise or attempted to exercise FMLA rights. 29 C.F.R. § 825.220(c).

49. That at all times material hereto, Defendant was and is a covered employer as defined by the FMLA and the applicable federal regulations. 29 C.F.R. § 825.104.

50. That at all times material hereto, Plaintiff was an eligible employee as defined by the FMLA and the applicable federal regulations and was otherwise entitled to take FMLA leave. 29 C.F.R. § 825.110.

51. That at all times material hereto, Plaintiff experienced a "serious medical condition" as defined by the FMLA and the applicable federal regulations. 29 C.F.R. § 825.113; 29 C.F.R. § 825.115.

52. That Plaintiff engaged in activity protected by the FMLA by requesting FMLA-qualifying leave. See *Demyanovich v. Cadon Plating & Coatings, L.L.C.*, 747 F.3d 419, 433 (6th Cir. 2014).

53. That Defendant knew of Plaintiff's protected activity.

54. That Defendant took materially adverse employment action against Plaintiff, including, but not limited to, terminating her employment.

55. That a causal connection exists between Plaintiff's protected activity and the termination of her employment.

56. That a causal connection is demonstrated, at least in part, by the close temporal proximity between Plaintiff's protected activity and the termination of her employment.

57. That one day after Plaintiff engaged in protected activity, Defendant notified Plaintiff that she was under investigation and placed on administrative leave pending termination.


THE MASTROMARCO FIRM | 1024 N. Michigan Avenue | Saginaw, Michigan 48602 | (989) 752-1414

See *Bryson v. Regis Corp.*, 498 F.3d 561, 571 (6th Cir. 2007) (finding lapse of three months between protected activity and adverse action to be sufficient to create a question of fact regarding causation); see also *Holsapple v. Miller*, No. 13-11039; 2014 WL 525391, at *6 (E.D. Mich. Feb. 10, 2014) (finding lapse of twenty-four hours sufficient to show causation).

58. That Defendant terminated Plaintiff's employment because of her request for FMLA-qualifying leave.

59. That Defendant would not have terminated Plaintiff's employment in the absence of her protected activity.

60. That Defendant failed to provide Plaintiff with a legitimate, non-retaliatory reason for her termination.

61. That any reasons proffered by Defendant for terminating Plaintiff's employment are pretextual in nature.

62. That any reasons proffered by Defendant for terminating Plaintiff's employment are either not based in fact, did not actually motivate the decision, and/or were too insufficient to warrant the action taken.

63. That Defendant's actions constitute retaliation in violation of the Family and Medical Leave Act.

64. That pursuant to 29 U.S.C. § 2617, Plaintiff hereby claims the following elements of damages, directly and proximately caused by Defendant's unlawful actions:

(a) Any wages, salary, employee benefits, or other compensation denied or lost to Plaintiff by reason of Defendant's violations of the FMLA;

(b) The interest on said wages, salary, employee benefits, and other compensation at the prevailing rate;


THE MASTROMARCO FIRM | 1024 N. Michigan Avenue | Saginaw, Michigan 48602 | (989) 752-1414

(c) An additional amount as liquidated damages equal to the above two sums;

(d) Reasonably attorney fees, reasonable expert witness fees, and other costs of this action; and

(e) Any such equitable relief as may be appropriate.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor in an amount in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

Respectfully submitted,
THE MASTROMARCO FIRM

Dated: October 20 2026, By: ______________________

VICTOR J. MASTROMARCO, JR. (P34564)
KEVIN J. KELLY (P74546)
VICTOR J. MASTROMARCO, III (P86871)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
vmastromarco@mastromarcofirm.com
kkelly@mastromarcofirm.com
tmastromarco@mastromarcofirm.com

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF BAY

AMY KUNTZ

Plaintiff,

vs.

Case No. 26-3810 -CD
Hon.
JOSEPH K. SHEERAN
P# 28575

BAY- ARENAC INTERMEDIATE SCHOOL DISTRICT,

Defendant.

THE MASTROMARCO FIRM
VICTOR J. MASTROMARCO, JR. (P34564)
KEVIN J. KELLY (P74546)
VICTOR J. MASTROMARCO III (P86871)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
vmastromarco@mastromarcofirm.com
kkelly@mastromarcofirm.com
tmastromarco@mastromarcofirm.com

STATE OF MICHIGAN
COUNTY OF BAY
ATTESTED
A TRUE COPY
KATHLEEN B. ZANOTTI
CLERK OF CIRCUIT COURT
By ______ Deputy

**DEMAND FOR TRIAL BY JURY**

NOW COMES Plaintiff, AMY KUNTZ, by and through her attorneys, THE MASTROMARCO FIRM, and hereby demands a trial by jury on all the above issues, unless otherwise expressly waived.

Respectfully submitted,
THE MASTROMARCO FIRM

Dated: October 22, 2026, By: ______________________________

VICTOR J. MASTROMARCO, JR. (P34564)
KEVIN J. KELLY (P74546)
VICTOR J. MASTROMARCO, III (P86871)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
vmastromarco@mastromarcofirm.com
kkelly@mastromarcofirm.com
tmastromarco@mastromarcofirm.com